United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50225
Summary Calendar
_____

KEVIN E. KECK,

                                        Petitioner-Appellant,

versus

STATE OF TEXAS; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CRISTINA
MELTON CRAIN, Chairman, TDCJ Board of Pardon & Paroles; GERALD
GEARETT, Director, TDCJ Pardon & Parole Division; RICK PERRY,
Governor; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE BOARD OF PARDON AND PAROLE; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE - PARDON & PAROLE DIVISION,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-364-SS
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Kevin E. Keck moves for a certificate of appealability (COA)

to appeal the denial of his 28 U.S.C. § 2254 petition challenging

the constitutionality of Texas's mandatory supervised release

law.  He is currently on release to mandatory supervision after

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serving a portion of his 10-year sentence for indecency with a child by contact.

Keck argues that Texas's mandatory supervised release law violates his right to equal protection insofar as other inmates upon whom release to mandatory supervision is not imposed are able to enjoy the right to a continuous sentence and do not have to serve their sentences in installments. He further contends that his right to a fixed sentence has been deprived him with out due process. He has not, however, shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). His COA motion is therefore DENIED.

Keck also seeks to appeal the award of costs to the respondents; however, an order awarding costs is not reviewable on appeal until the award is reduced to a sum certain. So. Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 131 (5th Cir. 1993). Consequently, as the district court has not yet reduced the award to a sum certain, we lack jurisdiction over the appeal of the costs award. See id.

COA DENIED; COSTS APPEAL DISMISSED.